**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMELINDO MORA-MENDOZA, AKA Juan Ramirez-Hernandez, | No.   17-72589 |
| Petitioner, | Agency No. A087-429-163 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Hermelindo Mora-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Mora-Mendoza does not challenge, and therefore waives, the agency's determination that he failed to establish past persecution in Mexico. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not err in finding that Mora-Mendoza failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011) (where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety); *see also Ramirez-Munoz v. Lynch*, 816

17-72589

F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group). Substantial evidence supports the agency's determination that Mora-Mendoza otherwise failed to demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Mora-Mendoza's withholding of removal claim fails.

Mora-Mendoza requests that we revisit *Delgado-Ortiz v. Holder*, 600 F.3d 1148 (9th Cir. 2010) and *Ramirez-Munoz v. Lynch*, 816 F.3d 1226 (9th Cir. 2016), but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 765 (9th Cir. 2020)..

Substantial evidence supports the agency's denial of CAT relief because Mora-Mendoza failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Mora-Mendoza's request to remand, set forth in his reply brief, is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to

17-72589

appear need not include time and date of hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW IS DENIED.**